United States District Court

For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PENTALPHA MACAU COMMERCIAL OFFSHORE LIMITED,<br><br>    Plaintiff,<br><br>  v.<br><br>DAMODER REDDY, et al.,<br><br>    Defendants<br>_____<br><br>DAMODER REDDY,<br><br>    Counter Claimant,<br><br>  v.<br><br>PENTALPHA OFFSHORE LIMITED, et al.,<br><br>    Counter Defendants<br>_____/ | No. 03-5914 MMC<br><br>**ORDER DENYING DEFENDANT/ COUNTERCLAIMANT'S EX PARTE APPLICATION FOR EXTENSION OF TIME TO SERVE SUMMONS; DISMISSING WITHOUT PREJUDICE CLAIMS AGAINST UNSERVED PARTIES**<br><br>(Docket No. 107) |

    Before the Court is defendant/counterclaimant Damoder Reddy's ("Reddy") ex parte application to extend, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, the deadline to serve the summons and the Third Amended Counterclaim ("TACC") on five parties who are foreign citizens and who have yet to be served.[1]  Plaintiff/counterdefendant

---

[1] The five parties who have not been served are Michael Holmes, Alexis Zervoglos, Lite Array Co., Global Tech Appliances, Inc., and Lite Array, a Corporation, each of whom is apparently a citizen of either the United Kingdom or Hong Kong.

Pentalpha Macau Commercial Offshore, Limited ("Pentalpha") has filed opposition.[2]

By order filed September 27, 2004, the Court, upon request by Reddy at the case management conference, set December 31, 2004 as the deadline for service of any party who is not a citizen of the United States. (See Pretrial Preparation Order, filed September 27, 2004, at 2.) By order filed December 30, 2004, the Court, upon application by Reddy, further extended the deadline to January 31, 2005. (See Order Granting Def.'s Ex Parte Appl. to Continue Deadline to Serve Summons, filed December 30, 2004.) On February 7, 2005, Reddy sought a third extension of the deadline, this time for 90 days. (See Ex Parte Appl., filed February 7, 2005.) The Court, by order filed February 17, 2005, granted Reddy's application for a further extension, but, in light of the February 27, 2006 trial date, extended the deadline by 60 days, to April 1, 2005. (See Order Granting Def.'s Ex Parte Appl. for Extension of Time to Serve Summons, filed February 17, 2005.)

In his pending application for a fourth extension of time, Reddy requests the deadline be extended an additional thirty days, i.e., an extension to May 2, 2005, or, in the alternative, an order requiring counsel for the defendants who have appeared to accept service on behalf of the unserved defendants.

Four of the unserved parties, specifically, Michael Holmes, Alexis Zervoglos, Lite Array Co., and Global Tech Appliances, Inc., were first named in the original Cross-Complaint, filed over a year ago; the other unserved party, specifically, Lite Array, was first named in the First Amended Cross-Complaint, filed approximately eleven months ago. Although, as Reddy argues, service on these parties may have been difficult, given their residency outside of the United States, the fact remains that Reddy has had an exceptionally lengthy period of time in which to accomplish service. Further, the non-expert discovery cut-off date for the above-titled action is December 12, 2005. Even if Reddy is

---

[2]The docket reflects that Pentalpha e-filed its opposition on April 18, 2005. Pentalpha did not provide a chambers copy thereof until April 22, 2005. Pentalpha, as a consequence, is in violation of the Court's Standing Orders and General Order No. 45, Section VI.G, both of which require that a party e-filing a document provide a chambers copy no later than noon the day after the document is e-filed. The Court, however, has considered Pentalpha's opposition.

2

able to effectuate service on any of the unserved parties within the time requested, it is highly unlikely such party would be able to complete all necessary discovery in time to meet the dispositive motion cut-off date and other pretrial dates.

Under the circumstances, the Court declines to afford Reddy yet another extension of time to serve the five unserved parties.

With respect to Reddy's alternative request, that counsel for the served defendants be required to accept service on behalf of the unserved defendants, the Court denies the request for the reason that Reddy fails to offer any legal authority in support of such request, and, in any event, Reddy fails to show an appropriate factual basis for the granting of such relief.

Accordingly, Reddy's application is hereby DENIED.  Reddy's claims against all unserved parties are hereby DISMISSED without prejudice.  See Fed. R. Civ. P. 4(m).

This order terminates Docket No. 107.

**IT IS SO ORDERED.**

Dated: April 22, 2005

/s/ Maxine M. Chesney
MAXINE M. CHESNEY
United States District Judge

3