IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PENTALPHA MACAU COMMERCIAL OFFSHORE LIMITED,<br><br>　　　Plaintiff,<br>　v.<br>DAMODER REDDY, et al.,<br>　　　Defendants<br>────────────────────────<br>DAMODER REDDY,<br>　　　Counterclaimant,<br>　v.<br>PENTALPHA OFFSHORE LIMITED, et al.,<br>　　　Counterdefendants　　　　／ | No. 03-5914 MMC<br><br>**ORDER GRANTING COUNTERDEFENDANT PETER HOWELL'S MOTION TO DISMISS; STRIKING HOWELL'S REPLY; VACATING HEARING** |

　　　Before the Court is counterdefendant Peter Howell's ("Howell") motion, pursuant to Rules 12(b)(2) and (b)(6) of the Federal Rules of Civil Procedure, to dismiss counterclaimant Damoder Reddy's ("Reddy") Third Amended Counterclaim ("TAC"). Reddy has filed opposition.[1] Having considered the papers filed in support of and in opposition to

---

[1] On May 13, 2005, Howell electronically filed a reply. Howell, in violation of both the Court's Standing Orders and General Order 45, has failed to provide a chambers copy of his reply. Accordingly, for the reasons stated in the Court's order of April 13, 2005, Howell's reply is hereby STRICKEN.

1  the motion, the Court finds the matter suitable for decision on the papers, VACATES the
2  hearing scheduled for May 27, 2005, and rules as follows.

## BACKGROUND

Reddy alleges that he formerly worked for Opsys USA, (see TAC ¶ 2), and that Howell is an "agent and employee" of Pentalpha Offshore Limited ("Pentalpha"), Lite Array, and Opsys Ltd, (see TAC ¶ 3). Reddy also alleges that "[o]n or about December 2, 2002, and continuously through April 22, 2003," he loaned Opsys USA $133,000 and other "personal assets," and that he charged "numerous items for the benefit of Opsys [USA]" on his personal credit cards. (See TAC ¶ 20). According to Reddy, he took such action in reliance on false representations made to him by Howell, specifically in reliance on Howell's statement that "Pentalpha and Lite Array were not operating in any way that was in competition with Opsys [USA]." (See TAC ¶¶ 21, 22.) Reddy further alleges that in May 2003, Opsys USA was "raided and drained of its assets" by Pentalpha, Lite Array, and Opsys Ltd, (see TAC ¶ 2), and that, as a result, Reddy lost his investments in and money he loaned to Opsys USA, (see TAC ¶¶ 2, 23.)

Based on the above allegations, Reddy alleges against Howell a claim of fraud by intentional misrepresentation.[2]

## DISCUSSION

Howell argues there is no basis for the Court to exercise personal jurisdiction over him.

"[A] defendant may be subject to either general or specific personal jurisdiction." See Easter v. American West Financial, 381 F. 3d 948, 960 (9th Cir. 2004). "A defendant

---

[2]The TAC also alleges Howell "concealed" from Reddy the fact that Howell had "colluded" with others to start a company known as Arborescent. (See TAC ¶ 25.) By order filed January 19, 2005, the Court dismissed, without leave to amend, Reddy's fraud claim against Howell, to the extent such claim was based on Howell's failure to disclose his connection to Arborescent, and afforded Reddy leave to amend solely to allege against Howell a fraud claim by "express misrepresentation." (See Order Granting Counterdefendant Howell's Mot. to Dismiss, filed January 19, 2005, at 5:17 - 6:22.) Accordingly, the Court has not considered herein Reddy's claim against Howell for fraud by omission.

is subject to general jurisdiction only where the defendant's contacts with a forum are substantial or continuous and systematic." See id. (internal quotation and citation omitted). "Specific jurisdiction applies if (1) the defendant has performed some act or consummated some transaction within the forum state or otherwise purposefully availed himself of the privileges of conducting activities in the forum, (2) the claim arises out of or results from the defendant's forum-related activities, and (3) the exercise of jurisdiction is reasonable." See id. at 960-61 (internal quotation and citation omitted).

      Here, Howell offers evidence that he has been a resident of Ohio since 1989. (See Howell Decl., filed April 22, 2005, ¶ 2.) According to Howell, his contacts with California have been as follows: (1) in his capacity as a director of Lite Array, he visited Novato up to eight times a year, until November 2002, at which time Lite Array, closed its Novato office; and (2) in his capacity as an accountant for Pentalpha, he visited the Fremont office of Opsys USA on a total of four occasions during the years 2002 and 2003. (See id. ¶¶ 2, 3, 7.) Such evidence is sufficient to show there is no basis for the Court's exercise of general jurisdiction over Howell, and Reddy offers no evidence to the contrary. See Data Disc, Inc. v. Systems Technology Assoc., Inc., 557 F. 2d 1280, 1285 (9th Cir. 1977) (holding where defendant offers evidence to show lack of basis for personal jurisdiction, plaintiff must make "prima facie showing of jurisdictional facts through the submitted materials in order to avoid a defendant's motion to dismiss").

      As noted, Reddy alleges that Howell falsely told Reddy that Pentalpha and Lite Array were not in competition with Opsys USA. Howell, in his declaration, attests that on no occasion in which he spoke to Reddy about Opsys USA, did he ever make any statements to Reddy "concerning whether Opsys [USA] and Lite Array (or Pentalpha) were 'competitors'," (see Howell Decl. ¶ 4), and that "[a]t no time did the subject of potential competition with either Lite Array or Pentalpha come up in discussion," (see id. ¶ 8). Such evidence is sufficient to show there is no basis upon which the Court may find that Reddy's claim of fraud by misrepresentation arises out of any of Howell's contacts with California. Reddy offers no evidence to the contrary, and thus fails to show the exercise of personal

jurisdiction as to the conversion claim would be proper. See Data Disc, 557 F. 2d at 1289 n. 6 (holding where "jurisdictional facts are intertwined with the merits," plaintiff has burden to make "prima facie showing of jurisdictional facts" to avoid dismissal).

Accordingly, Howell is entitled to dismissal of the fraud claim for lack of personal jurisdiction.[3]

## CONCLUSION

For the reasons stated above, Howell's motion to dismiss is hereby GRANTED, and Reddy's fraud claim against Howell is DISMISSED without prejudice.

**IT IS SO ORDERED.**

Dated: May 23, 2005

    /s/ Maxine M. Chesney
MAXINE M. CHESNEY
United States District Judge

---

[3] In light of this finding, the Court does not consider Howell's alternative argument that Reddy has failed to state a fraud claim.

4