STANLEY G. HILTON, BAR NO. 65990
LAW OFFICES OF STANLEY G. HILTON
2570 North First Street, Ste. 200
San Jose, CA 95131
**Mailing Address:**
**P.O. Box 1188**
**Pacifica, CA 94044**
Tel: (415) 378-6142
Fax: (415) 474-2005

Attorney for Defendant, Damoder Reddy

# IN THE UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PENTALPHA MACAU COMMERCIAL OFFSHORE LIMITED, a Macau, PRC corporation,<br><br>Plaintiff,<br><br>vs.<br><br>DAMODER REDDY, an individual; and DOES 1-10 inclusive,<br><br>Defendant.<br><br>AND RELATED COUNTERCLAIM | Case No.: C 03 5914 MMC ARB<br><br>**STIPULATION AND ORDER *RE* FURTHER DISCOVERY RESPONSES** |

The parties hereby present the following Stipulation and Order to the Court pursuant to Fed. R. Civ. P. 26 and 37(a) regarding Damoder Reddy's responses to Pentalpha Macau Commercial Offshore Limited's ("Pentalpha") First Set of Interrogatories, First Set of Requests for Production of Documents and First Set of Requests for Admissions.

WHEREAS, Pentalpha has propounded written discovery to Damoder Reddy;

WHEREAS, Pentalpha contended that Reddy's responses were inadequate;

WHEREAS, Pentalpha has previously granted Reddy extensions of time to respond, to meet and confer and to provide amended responses;

---

Stipulation and Order For Discovery Responses
Pentalpha v. Reddy

NOW THEREFORE, the parties hereby stipulate as follows:

<u>Pentalpha's First Set of Interrogatories:</u>

No. 1: Reddy will provide further response to Interrogatory No. 1, which response shall include at least the following: an identification of each specific piece of property allegedly converted, the specific person that allegedly converted it, the specific date and time that it was allegedly converted, the specific value of each piece of property that you contend was converted, and a statement of all facts supporting your contentions listed above.  The amended answer must also include the detailed factual basis for contending that Pentalpha converted any specific item of Reddy's property.

No. 2:  Reddy will set forth all upon which he relies regarding his valuation of each element of damages for each specific item of allegedly converted property, and a detailed description of each document supporting his valuation.

No. 3: Reddy shall identify all persons who he alleges in his Third Amended Counterclaim defamed him, including each individuals name, address, and position held at Opsys or Pentalpha.  For each individual so identified, Reddy shall state (1) the exact statement made by each individual, (2) to whom the statement was said, (3) any other individuals who heard the statement being uttered, (4) where the statement was said and (4) the date and time that the allegedly defamatory statement was made.  If Reddy contends that Pentalpha is responsible for a statement made by an Opsys US employee or consultant, Reddy Shall state all the facts upon which he relies for that contention.

No. 4: Reddy shall identify each alleged misrepresentation that he contends was made by Pentalpha, and for each alleged misrepresentation include (a) the person making the statement, (b) the specific date and time that the statement was allegedly made, (c) the exact words used, (d) to whom the statement was allegedly made, (e) why the statement was false, (f) how Reddy relied on the statement to his detriment, (g) all facts on which Reddy relies in contending that Pentalpha knew that any statement was allegedly false and (h) the exact nature and amount of

damages that he attributes to the alleged misrepresentation.

No. 5: Reddy shall identify each act by Pentalpha that he contends caused emotional distress as alleged in the Fifth Cause of Action in his Third Amended Counterclaim, including without limitation, (a) who allegedly performed the act, (b) all witnesses to the act, (c) identification of all documents supporting his claim of emotional distress, (d) the amount and nature of damages that he attributes to each act allegedly done by Pentalpha.  Reddy shall also state all facts upon which Reddy relies in contending that he suffered emotional distress damages, identify the categories of documents supporting his contention, and any witnesses with knowledge of the nature and extent of his alleged emotional distress damages.

No. 9:  Reddy shall provide specific and detailed facts regarding what he contends is the corporate relationship between Opsys US's parent company and Pentalpha.

Reddy shall provide all amended and supplemental interrogatory responses by 5:00 PM on Friday, June 24, 2005 by fax.

First Set of Document Requests:

Reddy shall review each of the document requests and shall make a diligent and thorough search of those documents in his possession, custody and/or control for all documents responsive to the Requests and shall produce all such documents to Pentalpha's counsel on or before June 24, 2005 at 224 Birmingham Drive, Suite 1A4, Cardiff, CA.  Without limiting the foregoing, at a minimum, Reddy shall produce all documents supporting his claims against Pentalpha, including his conversion claim, all documents showing his lending money to Opsys US and receiving repayment by Opsys US, all support that Reddy has that would show that he had contacts with any bona fide investor on behalf of Opsys US, and all documents evidencing his damages, including emotional distress.

First Set of Requests for Admission:

Reddy and his counsel shall review each of the Requests for Admission and shall determine in good faith and pursuant to Fed. R. Civ. P. 26(g) whether each Request for

1  Admission should be admitted or denied.

2      Reddy shall provide all amended Admissions by 5:00 PM on Friday, June 24, 2005 by

3  fax.

                                            Respectfully Submitted,

                                            FLYNN& STILLMAN

7  Dated: June 20, 2005                By:_____

                                                Philip H. Stillman, Esq.
8                                          Attorneys for Plaintiff and counter-defendant
                                        PENTALPHA MACAU COMMERCIAL
9                                          OFFSHORE LIMITED

11                                          LAW OFFICES OF STANLEY HILTON

                                                /s/ Stanley G. Hilton
13  Dated: June 20, 2005                By:_____
                                                Stanley G. Hilton, Esq.
14                                          Attorneys for defendant and counterclaimant,
                                        DAMODER REDDY

16  PURSUANT TO STIPULATION, IT IS SO ORDERED.

18  Dated: __June 24__, 2005            /s/ Maxine M. Chesney
                                        Hon. Maxine M. Chesney