IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PENTALPHA MACAU COMMERCIAL OFFSHORE LTD., <br><br> Plaintiff, <br><br> v. <br><br> DAMODER REDDY, <br><br> Defendant. _____/ | No. C-03-05914 MMC (EDL) <br><br> **REPORT AND RECOMMENDATION ON PENTALPHA'S MOTION FOR SANCTIONS** |

Upon consideration of the parties' arguments, good cause appearing, and for the reasons set forth below, the following is the Court's Report and Recommendation to the Honorable Maxine M. Chesney on a motion for sanctions filed by Plaintiff and counter-defendant Pentalpha Macau Commercial Offshore Limited ("Pentalpha"). Pentalpha filed a motion for sanctions against Defendant and counter-claimant Damoder Reddy ("Reddy"), and for attorneys' fees against both Reddy and his counsel. The Court considers Pentalpha's motion for attorneys' fees in a separate order. See Docket No. 139. Having reviewed the submissions of the parties, the Court finds this matter appropriate for decision without a hearing and therefore VACATES the hearing scheduled for September 13, 2005. Pentalpha's request to appear by telephone therefore is DENIED as moot.

Attempting to discover the factual bases for Reddy's counterclaims, Pentalpha propounded discovery. Because Reddy's responses to certain interrogatories were vague and insufficient, Pentalpha repeatedly requested that Reddy supplement them. Eventually, in order to obtain an additional extension of time to respond, Reddy agreed to document the terms of his discovery obligations to Pentalpha in a stipulation and order, which the Court signed. This Order required

1  Reddy to provide the specific factual bases for his conversion, slander, fraud, and intentional
2  infliction of emotional distress causes of action, as well as for his damages and for his claim that
3  Pentalpha had successor liability for former cross-defendant Opsys US.  See June 24, 2005 Order
4  Approving Stipulation re Further Discovery Responses (Docket No. 117).[1]  Although Reddy timely
5  served amended responses pursuant to the Order, they consisted entirely of  representations that
6  Reddy had no additional details or information to support his claims.  See Declaration of Phillip
7  Stillman in Support of Motion for Sanctions ("Stillman Decl."), Ex. B.  Pentalpha then filed this
8  Motion for Sanctions asking the Court to strike Reddy's counterclaims or, in the alternative, to
9  prevent Reddy from introducing any additional evidence or testimony to support those claims in
10 opposing summary judgment or at trial.

11 Federal Rule of Civil Procedure 37 gives the Court discretion to impose sanctions for
12 different types of discovery abuses.  For example, subsection (b) (2) specifically allows courts to
13 sanction a party that "fails to obey an order entered under Rule 26(f)" by "refusing to allow the
14 disobedient party to support or oppose designated claims or defenses, or prohibiting that party from
15 introducing designated matters in evidence."  Subsection (c) (1) also allows courts to impose
16 evidence preclusion sanctions where a party fails to "amend a prior response to discovery as
17 required by Rule 26(e)(2)..., unless such failure is harmless ...."  Reddy's discovery conduct
18 qualifies for sanctions under both subsections.

19 First, Reddy's original responses were inadequate and vague.  When asked to identify and
20 value the items that allegedly had been converted, Reddy responded that "software" and "technical
21 papers" and "proprietary information" worth "thousands of dollars" had been converted by
22 "Pentalpha representatives and/or Opsys employees-contractors on behalf of Pentalpha."
23 Supplemental Declaration of Phillip Stillman ("Stillman Supp. Decl.") at 2.  When asked to identify
24 the basis for his intentional infliction of emotional distress counterclaim, he responded similarly
25 vaguely that "Pentalpha (its employees and or its contractors/agents) caused emotional distress by
26 converting [his] personal property by defaming me and by making representations.  Peter Howell

---

[1] The Order was entered under Rules 26 and 37(a), and signed by the Court.  Reddy's argument that it is not an enforceable court order therefore is without basis in law or logic.

2

and John Sham made misrepresentations; Gary Rhea and Chuck Monach made defamatory comments; and several members of Pentalpha were involved in conversion." Id. at 5.

Second, Reddy failed to supplement his original responses to discovery when it became evident that they did not support his claims.  For example, Pentalpha asked Reddy to "[i]dentify all persons who You allege ... defamed You, including each individual's name, address, and position held at Opsys or Pentalpha, the exact statement said by each individual, to whom the statement was said, any other individuals who heard the statement being uttered, where the statement was said and the date and time that the allegedly defamatory statement was made."  Stillman Supp. Decl. at 3.  Reddy responded that he:

> was defamed by several people belonging to Pentalpha and Opsys (many of them were working as Pentalpha contractors after April 22, 2003).  Many defamatory comments were made by Gary Rhea, consultant (in charge of Opsys US facility from April 22, 2003) and Chuck Monach, Opsys US facility manager during an all hands meeting held on April 28, 2003.  Gary Rhea said that [he] 'was dishonest, liar and a crook.'  Chuck Monach said that 'if [he] showed up at the Opsys US facility he will pick [him] up with a fork lift and dump [him] in the trash can.'  Several Opsys US employees and contractors who attended this meeting heard these comments.

Id.  While that response may have been adequate as to Opsys US, as opposed to Pentalpha, the Court previously had dismissed Reddy's slander counterclaim to the extent that it was based on a successor liability theory between Opsys US and Pentalpha.  See December 1, 2004 Order Granting in Part and Denying in Part Plaintiff's Motion to Dismiss Second Amended Counterclaim at 2-3 ("the Second Cause of Action, as against Pentalpha, is subject to dismissal to the extent it is based on a theory of successor liability, but not to the extent it is based on statements by Pentalpha") (Docket No. 82).  Therefore, in his original response made after that ruling, Reddy should have included information about his contention that *Pentalpha* had direct liability for slander.  At the very least he promptly should have amended it once he realized that it no longer supported his counterclaim.

Third, Reddy should have supplemented his responses when he *stipulated* to the Order, which required him to – for example – "identify all persons who he alleges in his Third Amended Counterclaim defamed him.... If Reddy contends that Pentalpha is responsible for a statement made by an Opsys US employee or consultant, Reddy [s]hall state all facts upon which he relies for that contention."  June 24, 2005 Order at 2 (Docket No. 117).  Instead of providing substantive

3

information, Reddy's supplemental response stated that "[a]fter a diligent search of his records, and diligent efforts to recall what happened, the defendant, Damoder Reddy, cannot locate or think of any more details to provide any further response to this interrogatory."  Stillman Decl., Ex. B at 2. Therefore, more than six months after his initial disclosures and after Pentalpha obtained a court order requiring him to do so, Reddy refused or was unable to provide any evidence of slander by *Pentalpha*, or by persons for whom *Pentalpha* was responsible.

Finally, Reddy should have supplemented his responses during the meet-and-confer process that took place before Pentalpha filed the Motion for Sanctions.  But Reddy has refused to do so, either because he is unwilling or unable to provide any additional information to support his claims for conversion, defamation, misrepresentation, and intentional infliction of emotional distress, his damages, or his theory that Pentalpha is liable as distinct from Opsys US.  Reddy's conduct has prejudiced Pentalpha's ability to conduct the discovery needed to defend against Reddy's vaguely stated counterclaims.  See, e.g., Adriana Int'l Corp. v. Lewis & Co., 913 F.2d 1406, 1412 (9th Cir. 1990) ("Failure to provide documents as ordered... is considered sufficient prejudice") (citing Securities and Exch. Comm'n v. Seabord Corp., 666 F.2d 414, 417 (9th Cir. 1982)).  Moreover, Reddy's refusal to produce discovery frustrates Pentalpha's ability to bring dispositive motions that could simplify the issues and make for a more expeditious disposition of case.  See Computer Task Group, Inc. v. Brotby, 364 F.3d 1112, 1117 (9th Cir. 2004) ("An important purpose of discovery is to reveal what evidence the opposing party has, thereby helping determine which facts are undisputed – perhaps paving the way for a summary judgment motion – and which facts must be resolved at trial").  The Court fails to see how these are "trivial disagreements" (Opposition at 6). On the contrary, the Court concludes that Reddy has willfully failed to meet discovery obligations under the Federal Rules of Civil Procedure and under the Order.

In addition to imposing sanctions under Federal Rule of Civil Procedure 37, the Court also can invoke its inherent powers to exclude the evidence Reddy refuses to disclose more than sixteen months after filing his counterclaim and more than two months after being ordered to do so.  See Unigard Sec. Ins. Co. v. Lakewood Eng'g & Mfg. Co., 982 F.2d 363, 368 (9th Cir. 1992) ("Courts are invested with inherent powers that are 'governed not by rule or statute but by the control

necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases'") (citing <u>Chambers v. NASCO, Inc</u>., 501 U.S. 32 (1991)).  Pentalpha's counsel details the repeated and fruitless attempts he made to meet and confer with Reddy's counsel, even after filing the Motion for Sanctions.  <u>See</u> Stillman Decl. at ¶¶3-5, 8-9; Stillman Supp. Decl. at ¶3.  In light of Reddy's inadequate meet and confer, and refusal to supplement his responses even after a court order requiring him to do so, this Court finds that Reddy's failures are willful.

Accordingly, the Court recommends GRANTING Pentalpha's Motion For Sanctions in part, and ordering that Reddy shall not to use as evidence at trial, at a hearing, or on a motion, any witness or information that Reddy did not disclose in his initial Rule 26 disclosures, in his original interrogatory responses served on December 8, 2004, or in his supplemental interrogatory responses served on June 24, 2005.  The Court makes these recommendations in lieu of recommending the more severe sanctions of striking Reddy's counterclaims, as requested by Pentalpha.

Any party may serve and file specific written objections to this recommendation within ten (10) working days after being served with a copy.  <u>See</u> 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); Civil Local Rule 72-3.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.

Dated: September 8, 2005

*Elizabeth D. Laporte*
ELIZABETH D. LAPORTE
United States Magistrate Judge

5