Law Offices
**FLYNN & STILLMAN**
224 Birmingham Drive, Suite 1A4
Cardiff, California  92007
Tel. (888) 235-4279
Fax (888) 235-4279

(SPACE BELOW PROVIDED FOR FILING STAMP ONLY)

PHILIP H. STILLMAN, Bar # 152861

Attorneys for plaintiff, PENTALPHA MACAU COMMERCIAL OFFSHORE LIMITED

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| PENTALPHA MACAU COMMERCIAL OFFSHORE LIMITED, a Macau, PRC corporation,<br><br>Plaintiff,<br><br>vs.<br><br>DAMODER REDDY, an individual; and DOES 1 through 10 inclusive,<br><br>Defendants.<br>_____<br>DAMODER REDDY, an individual,<br><br>Counterclaimant,<br><br>vs.<br><br>PENTALPHA MACAU COMMERCIAL OFFSHORE LIMITED, a Macau, PRC corporation, et al.<br><br>Counterdefendants<br>_____ | CASE NO.: 03-5914 MMC (EDL)<br><br>ORDER ON ~~JOINT EX PARTE~~ APPLICATION OF PENTALPHA MACAU COMMERCIAL OFFSHORE LIMITED AND GARY RHEA FOR AN ORDER FOR MENTAL EXAMINATION OF DAMODER REDDY PURSUANT TO RULE 35<br><br><br><br>Date:          none set<br>Time:          none set<br>Hon. Elizabeth D. LaPorte |

**INTRODUCTION**

Counterdefendants Pentalpha Macau Commercial Offshore Limited and Gary Rhea jointly request an Order from this Court pursuant to Fed. R. Civ. P. 35(a) for a mental examination by Dr. Randall B. Smith, a clinical psychologist, on October 18, 2005 at 9:30 a.m. at his office at 1375 Sutter Street, Suite 304, San Francisco, CA.  Dr. Smith has a very busy practice, and books appointments months in advance.  His *curriculum vitae* is attached hereto.  Because of the discovery cut-off on December 12, 2005 and the upcoming February 2006 trial date, Dr. Smith has held open a date of October 18, 2005 for Mr. Reddy's examination.  Because of the need to hold the October 18 date and the lack of any real argument (as shown by the allegations in Reddy's Third Amended Counterclaim) that the parties are *not* entitled to a Rule 35(a) examination, Pentalpha and Mr. Rhea are requesting the order by *ex parte* application, or in the alternative, on a shortened briefing schedule if the Court believes that an Order Shortening Time is more appropriate.

**STATEMENT OF FACTS**

A.   <u>The Allegations In the Third Amended Counterclaim Justifiying A Mental Examination.</u>

Reddy's operative pleading in this case is his Third Amended Counterclaim ("TAC").[1]  The Fifth Cause of Action in the Third Amended Counterclaim is a claim for "intentional infliction of emotional distress."  *See* TAC, ¶¶ 35-39.  In his emotional distress claim, Reddy contends that he has suffered "severe emotional distress causing him lost income, depression, [and] anxiety. . . in the amount of $1 million."  TAC, ¶ 35.  As a result of the acts of among others, Pentalpha and Mr. Rhea, Reddy alleges that he "has suffered and continues to suffer humiliation, mental anguish, and emotional and physical distress, loss of income and has been injured in mind and body in an amount of $2 million."  TAC, ¶ 37.  Reddy also alleges that his "emotional injuries include anxiety, phobias, and fear of harassment and verbal abuse."  *Id.*  Reddy further alleges that his emotional distress has "prevented [him] from attending to his usual occupation" and he is therefore seeking additional damages for lost income and benefits."  TAC, ¶ 38.

---

[1]  Pentalpha and Mr. Rhea request that this Court take judicial notice of Reddy's Third Amended Counterclaim.

In addition to those express allegations claiming severe mental injury – severe enough to cause physical injury, ongoing anxiety disorder and ongoing phobias and millions in damages – Reddy has also claimed in his Breach of Fiduciary Duty cause of action that as a result of the acts of among others, Pentalpha and Mr. Rhea, Reddy has suffered "severe emotional distress, depression, anxiety, etc. and has incurred and continues to incur medical costs . . . ." TAC, ¶ 32.  *See also*, ¶¶ 12 (alleging $2 million in emotional damages), 17 (alleging $3 million in emotional damages) and 27 (alleging $500,000 in emotional damages), all containing the same allegation.  Thus, Reddy has clearly and unequivocally interjected his mental injuries into this case.

B.     Pentalpha's Efforts To Confer With Reddy's Counsel.

Pentalpha's counsel discussed the issue of a mental examination of Mr. Reddy on several occasions and specifically conferred on the issue on September 2.  At that time, Pentalpha's counsel requested that Reddy submit to a Rule 35(a) examination and identified the reasons that supported the need for the examination. Reddy's counsel agreed that Reddy's mental injuries were at issue in the case. Stillman Declaration, ¶ 2.  Although I had asked Reddy's counsel to provide me with dates for the examination, he did not do so.  *Id.*  Accordingly, on September 9, Pentalpha's counsel requested that Reddy stipulate to a Rule 35(a) Order and gave notice to Reddy's counsel that Pentalpha would file an *ex parte* Application for the Order if he failed to respond.  Stillman Decl., ¶ 3.  Reddy's counsel has not responded to that request.

## ARGUMENT

## I.

## PENTALPHA AND RHEA ARE ENTITLED TO AN ORDER FOR A MENTAL EXAMINATION

Rule 35(a) requires that a party seeking a mental examination of another party must first seek an order for the examination, which sets forth the date, time, place and scope of the examination. Rule 35(a) has two requirements: (1) that the mental condition of the party be "in controversy" and (2) good cause.  The "in controversy" and "good cause" requirements are "necessarily related." *Schlagenhauf v. Holder*, 379 U.S. 104, 118-19, 85 S. Ct. 234, 13 L. Ed. 2d 152 (1964).  There is no *bona fide* argument that Reddy has not put his mental state "in controversy" and that "good cause" has not been shown by Pentalpha and Mr. Rhea.

A.      Reddy Has Placed His Mental Condition In Controversy.

As set forth in the Third Amended Complaint, Reddy has clearly put his mental condition in controversy in this case.  First, he has alleged a claim for "intentional infliction of emotional distress." That alone is often sufficient to put a plaintiff's mental condition in controversy.  *Turner v. Imperial Stores,* 161 F.R.D. 89, 95 (S.D. Cal. 1995) (courts generally order mental examination when claim involves cause of action for infliction of emotional distress). *Lahr v. Fulbright & Jaworski, LLP*, 164 F.R.D. 196, 199 (N.D. Tex. 1995) ("although the cases analyzing [the 'in controversy'] requirement fail to provide a definitive test for deciding the issue, a distinction between the cases has emerged in favor of an examination when a plaintiff has alleged a separate tort claim for emotional distress"). Reddy could not be clearer in alleging that he is suffering from ongoing psychiatric illness, including depression, anxiety and phobias that he claims were so severe as to cause physical injury, require him to miss work and cause him a not insignificant $3 million in damages.  Therefore, he has put his mental condition "in controversy." *Duncan v. Upjohn Co.*, 155 F.R.D. 23, 25 (D. Conn. 1994) ("By claiming ongoing psychiatric harm . . . the plaintiff has placed his mental state in controversy, which in turn constitutes good cause for ordering a psychiatric examination...").

In addition to the inclusion of an "infliction of mental distress" cause of action – which itself should be dispositive – other courts have held that the identical allegations in other parts of Reddy's counterclaim have themselves warranted a psychiatric examination.  For example, in *Gattegno v. Pricewaterhousecoopers, LLP*, 204 F.R.D. 228, 231 (D.Conn. 2001), the plaintiff alleged that she "'continues to suffer ... mental anguish, physical and emotional distress, humiliation and embarrassment.'" The court held that "This claim of ongoing mental injury also places the plaintiff's mental state "in controversy."" *Id.*  Similarly, it is clear that Reddy must present evidence of his "emotional distress" in support of his claims.  In *Smedley v Capps, Staples, Ward, Hastings & Dodson*, 820 F. Supp. 1227, 1232 (N.D. Cal 1993), the court compelled the plaintiff to undergo a psychiatric evaluation because the plaintiff intended "to present evidence of 'normal' emotional distress."  Accordingly, Reddy has placed his past and present mental condition directly at issue.

B.      Pentalpha And Mr. Rhea Have Demonstrated "Good Cause."

The phrase "good cause" has been held to impose a requirement that the moving party

1  "present sufficient information so that the district judge can fulfill his function mandated by the Rule

2  [35(a)]." *Schlagenhauf*, 379 U.S. at 119.  The Supreme Court held that there are times when "the

3  pleadings alone are sufficient to meet these requirements. A plaintiff in a negligence action who

4  asserts mental or physical injury . . . places that mental or physical injury clearly in controversy and

5  provides the defendant with good cause for an examination to determine the existence and extent of

6  such asserted injury." *Id.*   As fully discussed above, Reddy's allegations in his Third Amended

7  Counterclaim clearly and unequivocally put his mental state at issue and constitute the "good cause"

8  discussed by the Supreme Court.

9  C.    <u>Dr. Smith Is A Qualified Examiner.</u>

10       As shown by his *curriculum vitae*, Dr. Smith is a licensed psychologist with the State of

11 California and is a Qualified Medical Examiner.  He has extensive experience in emotional distress

12 claims and has reserved October 18, 2005 at 9:30 a.m. at his office for a face to face interview

13 (including a personal history) and testing with Mr. Reddy, including giving Reddy several

14 psychological tests designed to gauge his emotional distress claim.  Dr. Smith believes that the

15 interview and testing will take a full day.  The scope of the examination will be limited to those

16 matters relating to Reddy's complaints in his Third Amended Counterclaim, a psychological history

17 and psychological testing regarding Reddy's mental condition.

18 ///

19 ///

20 ///

21 ///

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

1

**CONCLUSION**

2        For the foregoing reasons, Pentalpha and Mr. Rhea respectfully request that their *ex parte*

3   Application be granted and the Court enter an Order compelling the psychiatric examination by Dr.

4   Smith on October 18, 2005 at 9:30 a.m. at Dr. Smith's Office.  In the alternative, to the extent that

5   this Court believes that a motion, not *ex parte* application is required in this case, Pentalpha and Mr.

6   Rhea ask for an Order Shortening Time for their motion to be briefed and heard in order to preserve

7   Dr. Smith's October 18th date.

8                                              Respectfully Submitted,

9                                              FLYNN& STILLMAN

10

11  Dated: September 13, 2005              By:_____
                                               Philip H. Stillman, Esq.
12                                             Attorneys for Plaintiff and counter-defendant, PENTALPHA
                                               MACAU COMMERCIAL OFFSHORE LIMITED and GARY
13                                             RHEA

14

15

16                                          ORDER

17

18  On receipt of this ex parte application, the Court ordered the parties to brief the matter and
    scheduled a hearing on the motion for October 11, 2005.  On September 27, 2005, Defendant
19  Damoder Reddy filed a statement of non-opposition to Plaintiff's Motion for a Rule 35(a)
    Examination.  The Court therefore vacates the hearing scheduled for October 11, 2005 and
20  grants Plaintiff's Motion for a Rule 35(a) Examination.

21

22

23  Dated:  September 27, 2005

24                                          _____
                                            Elizabeth D. Laporte
25                                          U.S. Magistrate Judge

26

27

28