**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

PENTALPHA MACAU COMMERCIAL
OFFSHORE, LTD.,

        Plaintiff,

  v.

DAMODER REDDY,

        Defendant.

                           /

No. C-03-05914 MMC (EDL)

**ORDER GRANTING IN PART
PLAINTIFF'S MOTION FOR RULE 11
SANCTIONS AND DENYING
DEFENDANT'S MOTION FOR RULE 11
SANCTIONS**

## I.   INTRODUCTION

Plaintiff and counter-defendant Pentalpha Macau Commercial Offshore Limited ("Pentalpha") and defendant and counter-claimant Damoder Reddy ("Reddy") each filed Rule 11 motions asking this Court to impose monetary and other sanctions on the opposing party. Finding the matter appropriate for decision without oral argument, the Court vacated the hearing scheduled for October 11, 2005 and took the matters under submission. For the reasons set forth below, the Court GRANTS in part Pentalpha's Rule 11 motion and DENIES Reddy's Rule 11 motion.

The Court also notes that it is dismayed by the parties' seeming inability to resolve their disputes without resorting to motions practice and encourages them to cooperate more effectively in the future, including to resolve the disputes raised in Pentalpha's motion for sanctions which was noticed for hearing on October 25, 2005.

## II.   ANALYSIS

### A. Pentalpha's Rule 11 Motion.

Pentalpha complains that Reddy improperly answered the First Amended Complaint with a

United States District Court

For the Northern District of California

1   general denial when, in fact, Reddy could not deny every allegation it contained in good faith.

2   Federal Rule of Procedure 8(b) requires that:

3     [w]hen a pleader intends in good faith to deny only a part or a
  qualification of an averment, the pleader shall specify so much of it as

4     is true and material and shall deny only the remainder.... Unless the
  pleader intends in good faith to controvert all the averments of the

5     preceding pleading, the pleader may make denials as specific denials
  of designated averments or paragraphs, or may generally deny all the

6     averments except such designated averments or paragraphs as the
  pleader expressly admits; but, when the pleader does so intend to

7     controvert all its averments, including averments of the grounds upon
  which the court's jurisdiction depends, the pleader may do so by

8     general denial subject to the obligations set forth in Rule 11.

9   Rule 11 in turn requires that denials of factual contentions be warranted on evidence, or reasonably

10   based on lack of information and belief.  See Fed. R. Civ. P. 11(b)(4).  "General denials are

11   technically permissible in federal actions.  But their use is severely limited. . . .  general denials are

12   rarely proper because there is almost always something in the complaint that, in good faith, should

13   be admitted: e.g., status of parties, federal jurisdiction, etc. . . ."  W. Schwarzer et al., Federal Civil

14   Procedure Before Trial §§ 8:213-6 (2002).

15     To support its argument, Pentalpha relies on discovery responses that Reddy served two

16   months after filing his general denial, in which he admitted a number of the factual allegations in the

17   complaint.  For instance, Reddy admitted that "Opsys US Corporation . . . was a technology research

18   and development company located in Silicon Valley area."  See FAC ¶8; Declaration of Philip

19   Stillman in Support of Pentalpha's Rule 11 Motion ("Stillman Decl."), Ex. 1, No. 1.  He also

20   admitted that "Damoder Reddy was the Chief Operating Officer of Opsys and a member of its board

21   of directors, and therefore was privy to the discussions, finances and progress of negotiations with

22   sources of funding" (FAC ¶9; Stillman Decl., Ex. 1, No. 2), and that Opsys was in negotiation with a

23   company that might yield long term financing for the company (FAC ¶9; Stillman Decl., Ex. 1, No.

24   4).  He admitted a number of other allegations that he generally denied in his answer.  See FAC ¶¶11

25   (admitted in RFA No. 7), 16 (admitted in RFA No. 16), 17 (admitted in RFA No. 17), & 28

26   (admitted in RFA No. 31).  And he apparently did not actually contest subject matter jurisdiction

27   because he neither offered this as an affirmative defense nor filed a motion to dismiss on this

28   ground.  Pentalpha contends that these responses prove that Reddy's general denial was improper.

United States District Court

For the Northern District of California

1   Reddy disagrees with Pentalpha's conclusion and argues that "it is clear that defendant Damoder

2   Reddy made a good faith answer that categorically denied all allegations of the complaint" when he

3   filed that pleading, regardless of what his discovery answers revealed two months afterwards.

4         As the examples above show, Reddy could not have had any good faith basis for denying

5   some of the allegations in the First Amended Complaint.  When he filed his answer, Reddy knew

6   that "Opsys US Corporation . . . was a technology research and development company located in

7   Silicon Valley area" since he in fact was "Chief Operating Officer of Opsys and a member of its

8   board of directors[,]" another allegation he inexplicably denied in his answer.  Nor can Reddy

9   adequately explain why he denied that there was subject matter jurisdiction in this case.  These three

10  examples alone establish that Reddy could not have had a good faith basis for filing a general denial.

11  By doing this, he violated Federal Rule of Civil Procedure 8(b), and Rule 11(b)(4) ("the denials of

12  factual contentions are warranted on the evidence. . . .").  With even the most minimal conferring

13  with his client, Reddy's attorney should have known that he needed to admit some of these facts.

14  Instead, Reddy chose to file a general denial.  While this tactic might have spared Reddy some effort

15  and expense, it was improper, and his continued refusal to remedy it was baseless.

16        As he did in opposing an earlier motion for sanctions, Reddy argues that any errors were

17  "minor or inconsequential violations."  Opposition to Motion for Rule 11 Sanctions at 7; see also

18  Opposition to Motion for Sanctions (Docket No. 125) at 6-7.  The Court fails to see how a deliberate

19  flouting of the Rules of Civil Procedure is minor or inconsequential.  If Reddy had a good faith basis

20  for denying the allegations at the time he answered the First Amended Complaint, then he would not

21  necessarily have been obligated to amend his answer.  See Fed. R. Civ. P. 11 1193 Amendments

22  Advisory Committee Notes ("If after further investigation or discovery, a denial is no longer

23  warranted, the defendant should not continue to insist on that denial.  While sometimes helpful,

24  formal amendment of the pleadings to withdraw an allegation or denial is not required by

25  subdivision (b)"); see also Federal Civil Procedure Before Trial §§ 17:219-220 ("Although Rule 11

26  does not require that pleadings be amended to withdraw such matters, sanctions may be imposed if

27  the litigant reaffirms or renews the allegation or denial in subsequent 'presentations' to the court");

28  Id., § 17:143 (certification attorney makes when signing paper represents that paper is reasonable at

3

1   time it is filed; Rule 11 does not impose a continuing certification by counsel as to the

2   reasonableness of papers).  The issue before the Court is not, however, whether Reddy had a duty to

3   amend his answer once he learned new contradictory information, but whether he had a duty to

4   answer correctly in the first instance.  Under Federal Rules of Civil Procedure 8 and 11, he did.  As

5   the examples above show, Reddy breached that duty when he filed a general denial without a good

6   faith basis for denying every allegation in the complaint.

7          Despite being given numerous opportunities to file an amended answer, Reddy has refused to

8   do so.  See Stillman Decl., ¶¶3, 6-8.  The Court therefore GRANTS Pentalpha's motion and orders

9   Reddy to file an amended answer containing specific denials and admissions.  See White v. Smith,

10  91 F.R.D. 607, 610 (W.D.N.Y. 1981).  The Court denies Pentalpha's request for monetary sanctions

11  because they are not warranted in this instance.

12          **B.  Reddy's Rule 11 Motion.**

13          Parties contemplating filing a Rule 11 motion must serve that motion on the opposing party

14  twenty-one days before filing it with the court.  Fed. R. Civ. P. 11(c)(1)(a).  This twenty-one day

15  "safe harbor" provision allows the opposing party to cure defects and, ideally, eliminates the need

16  for filing the motion.  The twenty-one day hold is mandatory, and a Rule 11 motion can be denied

17  for failure to abide by that provision.  See Retail Flooring Dealers of America, Inc. v. Beaulieu of

18  America, LLC, 339 F.3d 1146, 1150-51 (9th Cir. 2003) (citing Barber v. Miller, 146 F.3d 707, 719

19  (9th Cir. 1998)).  Pentalpha argues that Reddy did not serve his Rule 11 motion before filing it, and

20  Reddy does not dispute this fact.  See Stillman Decl., ¶2; see also Reddy's Reply in support of Rule

21  11 Motion.  The Court can deny Reddy's motion on that ground alone.  Id.; see also Redcliffe v.

22  Rainbow Const. Co., 254 F.3d 772, 789 (9th Cir. 2001).

23          Were the Court to overlook this glaring procedural irregularity, it also would deny Reddy's

24  motion on its substance.  Reddy argues that Pentalpha should be sanctioned for: (1) filing an earlier

25  motion for sanctions (the "July Motion") (Docket No. 118) that was "clearly without foundation";

26  (2) harassing him by filing a Rule 11 motion; (3) filing late declarations in support of the July

27  Motion; and, (4) disclosing confidential settlement negotiations to the Court in conjunction with the

28  July Motion.  None of these arguments has any merit.  First, the Court actually recommended

United States District Court
For the Northern District of California

United States District Court

For the Northern District of California

1    granting the July Motion (Docket No. 138) and awarded attorneys' fees to Pentalpha (Docket No.

2    139), thus finding it did have foundation.  Second, in this decision, the Court grants Pentalpha's

3    Rule 11 motion in part, thus finding it also had foundation.  Third, Reddy provides no authority for

4    his argument that filing late declarations – without more – subjects a litigant to Rule 11 sanctions.

5    Finally, Pentalpha did not disclose the contents of any settlement discussions to the Court.  None of

6    the conduct Reddy complains of qualifies for Rule 11 sanctions, which are reserved "for the rare and

7    exceptional case where the action is clearly frivolous, legally unreasonable or without legal

8    foundation, or brought for an improper purpose."  Operating Eng'r Pension Trust v. A-C Co., 859

9    F.2d 1336, 1344 (9th Cir. 1988) (Rule 11 sanctions are an extraordinary remedy).  On the contrary,

10   this Court found that Pentalpha's July Motion and Rule 11 motion both had legal foundation.

11          Accordingly, the Court must agree with Pentalpha's counsel that Reddy's Rule 11 motion

12   was "startingly poorly taken" and should be denied.  Stillman Decl., Ex. 1.  The Court also agrees

13   that Reddy must compensate Pentalpha for the 2.9 hours of legal time its attorney spent reviewing

14   and opposing the Rule 11 motion.  Fee shifting is warranted here because Reddy failed to abide by

15   the safe harbor provision and also failed to withdraw his Rule 11 motion after the Court granted

16   Pentalpha's July Motion, eviscerating Reddy's main Rule 11 argument.  Fed. R. Civ. P. 11(c)(1)(A).

17   Reddy also does not contest that he failed to withdraw his Rule 11 motion after writing to opposing

18   counsel and reassuring him that there was no need to prepare an opposition because he would

19   withdraw his motion.  See Stillman Decl., ¶¶4-5 & Ex. 2 ("I am withdrawing our moti[on] for Rule

20   11 sanc[ti]ons . . . .  You need not prepare an opposition").  The Court therefore DENIES Reddy's

21   Rule 11 motion and grants Pentalpha's request for $1,087.50 in fees.

22   **III.    CONCLUSION**

23          For the reasons stated above, the Court GRANTS Pentalpha's Rule 11 motion and orders

24   Reddy to file an amended answer within twenty days of this Order.  The Court DENIES Reddy's

25   Rule 11 motion and grants Pentalpha's request for $1,087.50 in fees.

26

27

28

5

**United States District Court**

For the Northern District of California

1        The Court reiterates that it is dismayed by the parties' inability to resolve their disputes

2  through informal means, and encourages them to reach a resolution on Pentalpha's latest motion for

3  sanctions, which is scheduled to be heard on October 25, 2005.

4

5       **IT IS SO ORDERED.**

6

7

    Dated: October 12, 2005

8                                ELIZABETH D. LAPORTE
                                United States Magistrate Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6