IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PENTALPHA MACAU COMMERCIAL OFFSHORE LIMITED,<br><br>           Plaintiff,<br><br>   v.<br><br>DAMODER REDDY,<br><br>           Defendant. | No. C-03-05914 MMC (EDL)<br><br>**ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL DOCUMENTS, FOR PRECLUSION SANCTIONS, AND FOR MONETARY SANCTIONS** |

**I. INTRODUCTION**

This unopposed Motion to Compel Documents, For Preclusion Sanctions and for Monetary Sanctions ("Motion to Compel"), which the Court took under submission without a hearing, is the fourth in a series that the parties have filed in this action. The Court therefore is familiar with the underlying allegations and contentions of the parties and will not repeat them here. For the reasons stated below, the Court GRANTS Plaintiff's motion to compel documents responsive to Requests for Documents Numbers 22, 23, and 24, GRANTS Plaintiff's motion for preclusion sanctions, and GRANTS in part Plaintiff's motion for monetary sanctions against Defendant Reddy.

**II. DISCUSSION**

    **A. Requests for Production of Documents.**

Plaintiff alleges that Defendant Damoder Reddy converted intellectual property belonging to Pentalpha. See First Amended Complaint ¶¶45-47. Pentalpha further contends that Neulight Corporation, a company founded by Defendant Reddy after his departure from Opsys US, "appears to be using similar technology to that formerly belonging to Opsys US." Motion to Compel at 6;

1  Declaration of Philip Stillman in support of Pentalpha's Motion for Discovery Sanctions ("Stillman
2  Decl.") ¶10.  To prove these allegations, Plaintiff requested a number of documents, including
3  documents evidencing, referring to or reflecting any patent, trademark or copyright applications
4  submitted to any organization by Reddy or on his behalf (Document Request No. 22); corporate
5  records of Neulight Corporation (Document Request No. 23); and documents reflecting all
6  intellectual property utilized by Neulight Corporation (Document Request No. 24).  These
7  documents are relevant.  Indeed, Reddy did not object to producing them on relevance grounds, but
8  rather on the grounds that the documents contain trade secrets and proprietary information.  See
9  Stillman Decl., Ex. 1 at 6. These concerns can be addressed by a protective order.  The Court
10 accordingly overrules Reddy's objections and orders him to produce all documents responsive to
11 Requests for Production Numbers 22, 23, and 24 within fourteen days of this Order.

12       To protect any trade secrets or proprietary information, the Court orders that the documents
13 produced pursuant to this Order will be used solely for purposes of this litigation, shall be kept
14 confidential insofar as they contain protectible trade secrets or confidential information under
15 Federal Rule of Civil Procedure 26(c)(7).  Should Reddy not have any documents to produce, he
16 shall instead file a declaration setting forth in detail the efforts he made to locate and produce
17 responsive documents, and certifying that he does not have any such documents in his possession,
18 custody or control.

19       **B. Evidence Preclusion Sanctions.**

20       On June 24, 2005, the Honorable Maxine M. Chesney approved a stipulation between the
21 parties regarding discovery.  See Docket No. 117 (Order Approving Stipulation re Further Discovery
22 Responses).  In that stipulation, Reddy agreed to produce all documents responsive to Pentalpha's
23 first set of document requests, and "at a minimum . . . produce all documents supporting his claims
24 against Pentalpha . . . and all documents evidencing his damages, including emotional distress."  Id.
25 at 3.  According to Pentalpha, "Reddy failed to produce any documents responsive to even these
26 specific issues."  Motion to Compel at 7.  Reddy failed to oppose the Motion to Compel, therefore
27 the Court accepts Pentalpha's representation as to Reddy's non-compliance.

28       Pentalpha earlier asked the Court to order evidence preclusion sanctions because Reddy had

1  failed to provide further responses to interrogatories in violation of Judge Chesney's June 24, 2005
2  Order.  See Docket No. 118 (Motion for Discovery Sanctions).  The Court recommended that Reddy
3  be precluded from introducing any evidence not contained in his initial disclosures, his initial or his
4  supplemental interrogatory responses.  See Docket No. 138 (September 8, 2005 report and
5  recommendation re issue preclusion sanctions).  The same reasoning applies here, and the Court
6  incorporates herein by reference its September 8, 2005 Report and Recommendation.  Pursuant to
7  Rule 37(b), 37(c), and its inherent powers, the Court grants Pentalpha's request for evidence
8  preclusion sanctions.  Reddy shall not introduce into evidence, whether to support or oppose a
9  motion, or at trial, any document not produced prior to this Order.

**C. Monetary Sanctions.**

Reddy did not oppose Pentalpha's Motion to Compel, but neither did he file a statement of non-opposition, nor did he agree to produce the documents requested.  Instead, he once again forced Pentalpha – and the Court – to expend resources to resolve discovery disputes that should have been resolved through a meet and confer with opposing counsel.  Because Reddy's position was not substantially justified, and finding that no other reasons make an award of monetary sanctions unjust, the Court grants Pentalpha's request for monetary sanctions against Defendant Reddy to the extent that Pentalpha's fees specifically relate to the present motion, not to earlier document review or meet and confer efforts.[1]  Based on the declaration submitted by Mr. Stillman, the Court grants Pentalpha

//
//
//
//
//
//
//

---

[1] As Pentalpha notes, "[i]t is unclear what culpability Mr. Reddy has versus his attorney." Motion to Compel at 10, n.10.  The Court declines to impose joint and several liability against Mr. Hilton.

3

fees in the amount of $4,387.50 (for 11.7 hours of work relating to drafting and filing the Motion to Compel), to be paid within thirty days of this Order.

**IT IS SO ORDERED.**

Dated: October 27, 2005

                                           */s/ Elizabeth D. Laporte*
ELIZABETH D. LAPORTE
United States Magistrate Judge